William A. Delgado (SBN 222666)
wdelgado@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

William D. Irvine Jr. (*pro hac vice*)
wirvine@dtolaw.com
DTO LAW
307 5th Avenue, 12th Floor
New York, New York 10016
Telephone: (646) 995-5400
Facsimile: (213) 335-7802

Attorneys for Defendant
INSOMNIAC HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTIN BALLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSOMNIAC HOLDINGS, LLC,<br><br>Defendant. | Case No. 3:25-cv-00811-SI<br>Hon. Susan Illston<br><br>**DEFENDANT INSOMNIAC HOLDINGS, LLC'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Defendant Insomniac Holdings, LLC ("Defendant"), by and through counsel of record, hereby responds to Plaintiff's Class Action Complaint ("Complaint"), filed by Plaintiff Austin Ballard ("Plaintiff"). Except as expressly admitted below, Defendant denies each and every allegation of the Complaint, including any allegations in the preamble to the Complaint. In addition, Defendant denies any factual or legal allegations in the headings, subheadings, and footnotes of the Complaint.

## NATURE OF THE ACTION

1. Defendant admits only that it produces live music festivals, it owns and operates www.insomniac.com (the "Website") and the "Insomniac Events" mobile application (the "App"), and the Website contains a subsection of embedded promotional YouTube videos for its live events. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge of Plaintiff and the putative class and, on that basis, denies them. Defendant denies the remaining allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 and specifically denies that this matter is appropriate for class action treatment.

4. The first sentence in Paragraph 4 alleges legal conclusions to which no response is required, but to the extent a response is required, Defendant does not challenge personal jurisdiction. Defendant admits that it conducts business within California. Defendant denies the remaining allegations contained in Paragraph 4.

5. Paragraph 5 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies them.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

## GENERAL ALLEGATIONS

11. Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11. Defendant further states that the Senate Report speaks for itself.

12. Defendant admits Congress amended the VPPA in 2012. Defendant further states that the Senate Report speaks for itself.

13. Paragraph 13 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant states that the cited statutory provisions speak for themselves.

14. Defendant admits only that the Website contains a subsection of embedded promotional YouTube videos for its live events. Defendant denies the remaining allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16 and footnote 4.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Facebook in Paragraph 19 and, on that basis, denies them.

20. Defendant admits only that it uses certain Facebook Business Tools. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies them.

21. Defendant admits only that it has implemented the Facebook pixel on the Website. Defendant denies the remaining allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies that it uses any marketing tools in a manner that reveals Personal Viewing Information. Defendant denies the remaining allegations contained in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. Defendant admits only that it uses the TikTok pixel on its Website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, on that basis, denies them. Defendant further states that the cited TikTok webpage and articles speak for themselves.

27. Defendant denies the allegations in the last sentence of Paragraph 27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and, on that basis, denies them.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant admits only that Figure 1 is a screenshot of a page from the Website. Defendant denies the remaining allegations contained in Paragraph 31, including the allegations in the caption for Figure 1.

32. Defendant denies the allegations contained in Paragraph 32, including the allegations in the captions for Figures 2 and 3.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff and the putative class and, on that basis, denies the same. Defendant denies the remaining allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

## CLASS ACTION ALLEGATIONS

37. Defendant admits only that Plaintiff purports to bring a class action on behalf of a class of persons as defined in Paragraph 37 but denies certification of the purported class is appropriate pursuant to Fed. R. Civ. P. 23.

38. Defendant admits only that Plaintiff proposes certain exclusions from the class definition set forth in Paragraph 37 but denies this matter is appropriate for class action treatment.

39. Defendant admits only that Plaintiff seeks to reserve the right to amend the proposed class definition but denies certification of the purported class is appropriate pursuant to Fed. R. Civ. P. 23.

40. Defendant denies the allegations contained in Paragraph 40 and specifically denies that this matter is appropriate for class action treatment.

41. Defendant denies the allegations contained in Paragraph 41 and specifically denies that this matter is appropriate for class action treatment.

42. Defendant denies the allegations contained in Paragraph 42, including subparts (a)-(d), and specifically denies that this matter is appropriate for class action treatment.

43. Defendant denies the allegations contained in Paragraph 43 and specifically denies that this matter is appropriate for class action treatment.

44. Defendant denies that this matter is appropriate for class action treatment. Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations concerning Plaintiff and Plaintiff's counsel in Paragraph 44 and, on that basis, denies them.

45. Defendant denies the allegations contained in Paragraph 45, including subparts (a)-(c), and specifically denies that this matter is appropriate for class action treatment.

## CAUSES OF ACTION

## COUNT 1

46. Defendant incorporates by reference the responses contained in Paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. Paragraph 47 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant states the cited statutory provision speaks for itself.

48. Paragraph 48 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48. Defendant further states the cited statutory provision speaks for itself.

49. Paragraph 49 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49. Defendant further states the cited statutory provision speaks for itself.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51. Defendant further states the cited statutory provision speaks for itself.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Facebook and TikTok in Paragraph 52 and, on that basis, denies them. Defendant denies the remaining allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant admits only that Plaintiff seeks certain forms of relief as set forth in Paragraph 54 but denies Plaintiff is entitled to any relief and further denies the remaining allegations contained in Paragraph 54.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any and all relief, including the relief sought in the Prayer for Relief, including subsections (a)-(h).

## AFFIRMATIVE DEFENSES

Defendant has not completed its full investigation into the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant's affirmative defenses to the Complaint are set forth below. By asserting the defenses herein, Defendant has not knowingly or intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses as may be appropriate. By setting forth the following allegations and defenses, however, Defendant does not assume the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law.

### FIRST AFFIRMATIVE DEFENSE

**(Lack of Causation)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, to the extent that Defendant's conduct was not the actual or proximate cause of any alleged damage suffered by Plaintiff (or putative class members). Any damage allegedly suffered by Plaintiff (or putative class members) was caused in whole or in part by the acts or omissions of persons or entities other than Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Article III & Statutory Standing)**

Plaintiff (and putative class members) lack standing because the Plaintiff (and putative class members) has not suffered injuries in fact that are fairly traceable to

the conduct alleged in the Complaint and are not "aggrieved person[s]" as provided for in 18 U.S.C. § 2710(b)(1).

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because to the extent Plaintiff (or putative class members) has suffered any damages, Plaintiff (or putative class members) has failed to take reasonable steps to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent, Waiver, Estoppel)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Defendant was made with any required consent of the relevant individual, and thus his claims are waived and/or estopped.

**FIFTH AFFIRMATIVE DEFENSE**

**(Ordinary Course of Business)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Defendant was made incident to the ordinary course of Defendant's business.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims Are Limited and/or Barred by Defendant's Terms of Use)**

Plaintiff's claims (and those of putative class members) are limited and/or barred, in whole or in part, by applicable provisions in Defendant's Terms of Use and Privacy Policy to which Plaintiff (or putative class members) consented.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims Are Time-Barred)**

To the extent any claims are outside the two year statutory limitations period provided for in 18 U.S.C. § 2710(c)(3), they are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Free Speech)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because 18 U.S.C. § 2710 violates the First Amendment of the Constitution, including because 18 U.S.C. § 2710 is a facially invalid, overbroad content- and speaker-based restriction on speech that as applied here would punish a speaker for disclosing, with permission, factual information about an individual without causing any harm.

**NINTH AFFIRMATIVE DEFENSE**

**(Due Process & Excessive Fines)**

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because the award of the requested statutory damages would violate Defendant's procedural and substantive due process rights and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**TENTH AFFIRMATIVE DEFENSE**

**(Suit May Not Proceed as a Class Action)**

Plaintiff's claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein, and because Plaintiff agreed to a class action waiver.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff on behalf of persons claiming to be members of the proposed class. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class member, in the event

any court certifies any class in this or any related or consolidated action, and further reserves any and all defenses applicable to adequate representation of any such class.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendant hereby requests that the Court enter an Order as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That the Plaintiff takes and recovers nothing against Defendant by way of the Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action; and

4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: July 18, 2025

DTO LAW

By: */s/ William A. Delgado*
William A. Delgado

Attorneys for Defendant
INSOMNIAC HOLDINGS, LLC