UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>AUSTIN BALLARD,<br><br>               Plaintiff,<br><br>     v.<br><br>INSOMNIAC HOLDINGS, LLC,<br><br>              Defendant.</td><td>Case No.  25-cv-00811-SI<br><br>**ORDER GRANTING IN PART<br>DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 34</td></tr>
</table>

Defendant Insomniac Holdings, LLC, moves for a stay of proceedings pending the Ninth Circuit's decision in *Heather v. Healthline Media, Inc.*, No. 24-4168 (9th Cir. filed July 8, 2024). Plaintiff opposes.  Pursuant to Civil Local Rule 7-1(b), the Court found the motion suitable for resolution without oral argument and vacated the hearing.

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  When deciding whether to grant a *Landis* stay, courts must weigh competing interests including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 269 (9th Cir. 1962)).

In this case, the Court will exercise its discretion to issue a short stay of proceedings pending the Ninth Circuit's ruling in *Heather*.  One of the central arguments defendant raised in its motion to dismiss was the question of whether plaintiff qualifies as a "consumer" under the Video Privacy Protection Act.  As the Court noted when denying the motion to dismiss, "Circuits are split,

however, and the Ninth Circuit has not yet spoken, on whether the VPPA requires that a user be subscribed directly *to the audio visual content* from the VTSP [video tape service provider] in question, or whether the term 'good and services' within the statute covers subscriptions of any goods and services from the VTSP." Dkt. No. 30 at 6-7 (citations omitted). That very question is now before the Ninth Circuit in *Heather*, and the appellate court held oral argument in that case on August 12, 2025. In its prior order, this Court adopted the Second Circuit's interpretation of the term "consumer," while noting that the District Judge in *Heather* went the opposite way. *See id.* at 8-10. In this context, the Court agrees with defendant that it would serve judicial efficiency to receive further guidance from the governing appellate body in this circuit on how to interpret "consumer" under the VPPA.

Nor does the Court find that plaintiff would suffer hardship from a short stay of proceedings. Plaintiff cites potential hardship from the risk of evidence being destroyed or class members becoming more difficult to identify as time passes. However, there are no imminent deadlines in this case, this case is still in the relatively early stages, and a trial date has not been set. *See* Dkt. No. 33. Moreover, the potential harm to plaintiff can be mitigated by the length of the stay; the Court advises the parties that it is not inclined to stay this case for a lengthy period and may later deem it appropriate to lift the stay even if the Ninth Circuit has not yet ruled on the "consumer" question in *Heather*.

The parties have agreed to early mediation and mediation is set for September 4, 2025. The parties further agree that any litigation stay should exempt the mediation process. Dkt. No. 37 at 6; Dkt. No. 40 at 8.

Accordingly, the Court GRANTS IN PART defendant's motion to stay. Litigation in this case shall be stayed until further order of the Court, except that the parties may engage in mediation in the meantime. The Court ORDERS the parties to file a joint status report **by October 14, 2025,** or within seven days of the Ninth Circuit's ruling in *Heather*, whichever is sooner. The joint status

///

///

///

United States District Court
Northern District of California

report shall explain the parties' respective positions on whether the stay should be continued.

     **IT IS SO ORDERED**.

Dated: August 12, 2025

SUSAN ILLSTON
United States District Judge